G. A. BODENHEIM, MAYOR, v. JEWELL P. LIGHTFOOT, ATTORNEY-
GENERAL.

No. 2206.  Decided December 14, 1910.

**Cities—Bond Issue—Street Improvement—Constitutional Law.**

The tax of fifteen cents on the hundred dollars for roads and bridges, per-
mitted by the Constitution (art. 8, sec. 9, as amended in 1890) to be levied
annually by cities and towns, is not hereby restricted, in its use, to current
expenses for that purpose. The city may be authorized to issue bonds on its
basis. The Act of May 12, 1909, Acts 31st Leg., p. 444, authorizing cities
to issue bonds for the improvement of streets based on the appropriation of
such future taxation to meet interest and sinking fund is therefore not uncon-
stitutional.

Original application to the Supreme Court by the Mayor of Long-
view for writ of mandamus against the Attorney-General.

*T. S. Johnson,* for relator.—While the Constitution binds the Leg-
islature in the amount of taxes it may empower counties and cities
to levy for particular purposes, the method of applying, or using such
taxes, by the counties, or cities, is within the power of the Legisla-
ture to prescribe, and there being no inhibition in the Constitution
against it, the Legislature had the power to provide, as it did, in
the amended article 488, that cities might issue bonds for street im-
provements and provide for their payment, principal and interest,
out of said tax of fifteen cents.

*Jewell P. Lightfoot,* Attorney-General, and *Seth F. Caldwell* and
*Saml. D. Snodgrass,* Assistants, for respondent.—This article of the
Constitution gave cities the authority to levy a tax of not exceeding
fifteen cents on the one hundred dollars valuation of property for
the improvement of the "roads and bridges," but did not attempt to
authorize cities to appropriate said tax to the payment of the prin-
cipal and interest of a bonded indebtedness. The case of Sandmeyer
v. Harris, reported in 7th Court of Civil Appeals, page 515, is au-
thority, we think, that this tax of fifteen cents, which the Constitu-
tion authorizes to be levied for "roads and bridges," was intended
to be used as a current fund, and that it can not form the basis of
a bond issue. The evident object and purpose of this provision of
the Constitution was to provide cities and counties with a fund to
defray the current expenses of government, as well as a current fund
for the maintenance of their roads and bridges.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.
The city of Longview, having 1:97 tax unlevied out of the fifteen
cents per hundred dollars, authorized by the Constitution for the
construction of roads and bridges and other public improvements,
determined to issue bonds for such sum as the unappropriated part of
the fifteen cents would justify. The city council passed a resolu-
tion to that effect and presented the bonds to the Attorney-General
for approval. He disapproved the same, and hence, the city council

passed a resolution authorizing the mayor to bring suit to compel him to approve the bonds. This suit was brought in pursuance of said resolution and the Attorney-General answered that "the city council of the city of Longview, Texas, has, prior to the passage of the ordinance authorizing the bridge repair bonds herein, created debts of said city, evidenced by coupon bonds payable in future years, which are now outstanding bonds against said city, which has exhausted the tax of twenty-five cents on the one hundred dollars valuation of taxable property in said city authorized by the Constitution for the purpose of 'the erection of public buildings, streets, sewers, and other permanent improvements.'" And also that "the tax of fifteen cents on the one hundred dollars valuation of taxable property authorized by the Constitution for 'roads and bridges' is a current tax for maintenance purposes, and the Legislature was without authority to authorize said tax to be appropriated to the principal and interest of a debt."

The Constitution of 1876 had this section:

"Sec. 9. The State tax on property, exclusive of the tax necessary to pay the public debt, shall never exceed fifty cents on the one hundred dollars valuation; and no county, city or town shall levy more than one-half of said State tax, except for the payment of debts already incurred, and for the erection of public buildings, not to exceed fifty cents on the one hundred dollars in any one year, and except as in this Constitution is otherwise provided." (Art. VIII, sec. 9.)

The original section was amended in 1883 and was again amended in 1890, which amendment now reads as follows:

"Sec. 9. The State tax on property, exclusive of the tax necessary to pay the public debt and of the taxes provided for the benefit of public free schools, shall never exceed thirty-five cents on the one hundred dollars valuation; and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment, September 25, A. D. 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as in this Constitution otherwise provided." . . .

We are of opinion that the proposition of the Attorney-General can not be maintained. The amendment reads: "No county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment, September 25, A. D. 1883," etc. Article 486, Revised Statutes of 1895, as amended in General Laws 1909, among other things, provides as follows:

That the city or town council "may levy and collect twenty-five cents on the one hundred dollars valuation of all property in such city or town for current expenses, and may levy and collect an additional twenty-five cents on the one hundred dollars valuation for

the purpose of construction or the purchase of public buildings, waterworks, sewers and other permanent improvements within the limits of such city or town, and shall also have power by ordinance to levy and collect a tax not exceeding fifteen cents on the one hundred dollars valuation of property for the construction and improvement of the roads, bridges and streets of such city or town within its limits, and all cities and towns providing for such improvements shall have the power to issue coupon bonds of the city therefor in such sum or sums as they may deem expedient, to bear interest not exceeding six per cent per annum; provided, that the aggregate amount of bonds issued for the construction or purchase of public buildings, waterworks, sewers and other permanent improvements shall never reach an amount where the tax of twenty-five cents on the one hundred dollars valuation of property will not pay the current interest and provide a sinking fund sufficient to pay the principal at maturity; and provided, also, that the amount of bonds issued for street improvement purposes shall never reach an amount where the tax of fifteen cents on the one hundred dollars valuation of property will not pay the current interest and provide a sinking fund sufficient to redeem them at maturity."

The Attorney-General seeks to avoid this provision of the Revised Statutes · by claiming that it is unconstitutional. But the unconstitutionality of the enactment is not apparent to us. The Legislature is a coordinate department of the State government, and it is their power and duty to pass upon the validity of all laws which they pass; and hence, when they have passed a law, they affirm its constitutionality and the courts will not hold they have made a mistake unless its invalidity is clearly apparent. There are other limitations in the Constitution as to the amount of the indebtedness, but it is not claimed in the answer that they are exceeded in the proposed indebtedness and they do not concern us here.

We are of opinion that the writ of mandamus prayed for should be granted, and it is accordingly so ordered.